Hecht v. Wilson
Decided March 10, 1998
(NOT TO BE CITED AS AUTHORITY)

No. 97-531

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 56N

DONALD R. HECHT,

Plaintiff and Respondent,

v.

RICHARD E. WILSON and
SHIRLEY A. WILSON,

Defendants and Appellants.

APPEAL FROM:   District Court of the Tenth Judicial District,

In and for the County of Fergus,

Honorable John R. Christensen, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Richard Earl Wilson and Shirley Ann Wilson, pro se,

Denton, Montana

For Respondents:

Jon A. Oldenburg, Lewistown, Montana

Submitted on Briefs: February 12, 1998

Decided:    March 10, 1998

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    The Wilsons appeal from an order and judgment of the Tenth Judicial District Court, Fergus County, awarding Donald R. Hecht the reasonable costs of removing the Wilsons from Hecht's property and for costs of pasturing and caring for the Wilsons' livestock for nine months.  We affirm.

¶3     The Wilsons raise five issues on appeal.  Four of those issues (whether Hecht was precluded from possession of the property because the Wilsons were entitled to occupy it during the one-year redemption period; whether the Wilsons were in fact the judgment debtors; whether Hecht is entitled to rents, profits, or other proprietary interest during the one-year redemption period; and whether the Wilsons's offer to pay the mortgage by tendering a note operated as a discharge) relate to the underlying mortgage foreclosure case and a default judgment, which were not timely appealed.  Those issues are therefore not now  properly before this Court.

¶4    The remaining issue is whether the Wilsons are entitled to the return of the livestock which was sold to pay the judgment herein. The Wilsons' argument is apparently based on their position that Hecht was not entitled to possession of the property during the one-year right of redemption.  That issue was decided against them in the previous default judgment, and they have asserted no other basis for their argument.  Because Hecht was entitled to possession of the property during the redemption period, the agister's lien statutes, Secs. 71-3-1201 through -1204, MCA, allowed the cattle on

the property to be sold to pay his costs of keeping, feeding, herding, and pasturing them.

¶5   We therefore affirm the decision of the District Court.

                    /S/  J. A.  TURNAGE

We concur:
/S/  JIM REGNIER
/S/  W. WILLIAM LEAPHART
/S/  TERRY N. TRIEWEILER
/S/  KARLA M. GRAY